## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SCORSOLINI AND** | § | |
| **A'LISA FORD, on Behalf of Themselves** | § | |
| **and on Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | **JURY TRIAL DEMANDED** |
| **V.** | § | |
| | § | |
| **WEIMER MEDICAL HOLDINGS, LLC** | § | |
| **d/b/a WEIMER MEDICAL CENTER and** | § | |
| **IRVING B. SAWYERS, JR.** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

### SUMMARY

1.      Defendants, WEIMER MEDICAL HOLDINGS, LLC d/b/a WEIMER MEDICAL CENTER and IRVING B. SAWYERS, JR. (collectively referred to hereinafter as "Defendants"), stopped paying Plaintiffs and all of their other employees on or about November 10, 2016 – thus denying them appropriate minimum and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.  As a result, Defendants violated the wage provisions of the FLSA and Plaintiffs bring this action on behalf of themselves and all other employees similarly situated pursuant to Section 216(b) of the FLSA.

2.      In addition to the collective action FLSA claims, Plaintiffs bring this action as a Rule 23 class action to recover the unpaid hourly rate agreed to under Texas state law in weeks as to which overtime does not apply. Plaintiffs and Class Members entered into agreements with Defendants pursuant to which Defendants promised to pay Plaintiffs and Class Members an hourly rate of pay for

each and every hour worked. These hourly rates varied based on position and experience. However, Defendants breached the agreements by failing to pay Plaintiffs and Class Members the agreed upon rate for all non-overtime hours worked. Plaintiffs and Class Members did not receive pay for such work and suffered damages due to Defendants' breach of their employment agreements. Therefore, Plaintiffs seek to prosecute their Texas state law claims for breach of contract, *quantum meruit* and unjust enrichment as a Rule 23 class action on behalf of all Weimer Medical Center employees who did not receive pay after November 10, 2016 for work performed (in weeks in which overtime was not worked) even though such employees performed compensable work.

3.      Plaintiffs and the Class Members are all victims of the same pay practice violation committed by Defendants in failing to pay minimum wages (and/or the agreed upon regular rate of pay for non-overtime hours), as well as overtime wages calculated at one and one half times the regular rate of pay, for work performed on behalf of Defendants. Therefore, Plaintiffs bring this suit on behalf of themselves and all other similarly situated employees.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiffs' Texas state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts, namely, Defendants' failure to pay their employees for work performed.

6.      Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

7.      Plaintiff, Christopher Scorsolini, lives in the Southern District of Texas. Plaintiff has

- 2 -

been employed by Defendants since July 2016 as a Registered Nurse (R.N.).  His written consent is attached hereto as Exhibit 1.

8.    Plaintiff, A'Lisa Ford, lives in the Southern District of Texas.  Plaintiff has been employed by Defendants since November 2016 as a Registered Nurse (R.N.).  Her written consent is attached hereto as Exhibit 2.

9.    WEIMER MEDICAL HOLDINGS, LLC ("Weimer Medical Center") is a Delaware corporation that does business in Texas as WEIMER MEDICAL CENTER and may be served through its registered agent, Irving B. Sawyers, Jr., 400 Youens, Weimer, Texas 78962.

10.    IRVING B. SAWYERS, JR. ("Sawyers") is an individual who owns and/or operates Defendant, WEIMER MEDICAL HOLDINGS, LLC.    Sawyers is the Chief Executive Officer and "governing person" for Weimer Medical Center.  Mr. Sawyers sets the working conditions of Plaintiff and the Class Members.  Mr. Sawyers negotiates and executes contracts on behalf of Weimer Medical Center, controls the pay and working conditions of Plaintiff and the Class Members, and has operational control over the business of the hospital.  Accordingly, Sawyers is jointly and severally liable for the wage violations stated herein as Plaintiff's "employer" as that term is defined by the FLSA.  Mr. Sawyers may be served at 400 Youens, Weimer, Texas 78962.

## THE FACTS

11.    Defendants own and/or operate a medical facility in Weimer, Texas known as "Weimer Medical Center."

12.    Plaintiff, Scorsolini, was hired to work as a registered nurse for Defendants. Defendants agreed to pay Scorcolini $32 per hour in exchange for his work.

13.    Plaintiff, Ford, was originally hired by a staffing agency (Hopewell Staffing) and placed to work at Weimer Medical Center.  In late October/early November 2016, Ford was hired directly by

Weimer Medical Center to provide nursing services as a registered nurse.  Defendants agreed to pay Ford $40 per hour in exchange for her work.

14.     Defendants controlled Plaintiffs' conditions of employment, including their pay rate, as well as the policies and procedures that they and the other Class Members are required to follow.

15.     Plaintiffs' primary duties are essentially the same those performed by other hospital employees, i.e. the delivery of direct or indirect patient care.

16.     Plaintiffs were paid an hourly wage by Defendants.

17.     Defendants have failed to pay Plaintiffs and all other Class Members any wages at all since November 10, 2016.

18.     Plaintiff and the Class Members were at all times "non-exempt" employees who were entitled to a minimum hourly wage and were eligible to receive overtime pay pursuant to Section 207 of the FLSA.

19.     At all times relevant to this dispute, Defendants have been "joint employers" of Plaintiffs and the Class Members within the meaning of the FLSA because all acted directly or indirectly in the interest of an employer in relation to Plaintiffs and the other Class Members. 29 U.S.C. § 203(d).

### FLSA COVERAGE

20.     At all times relevant to this dispute, each of the Defendants has been an enterprise within the meaning of the FLSA.  29 U.S.C. § 203(r).

21.     At all times relevant to this dispute, each of the Defendants has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

22.     At all times relevant to this dispute, each of the Defendants has had annual gross sales

in excess of $500,000.

23.     At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

24.     The action is filed on behalf of all of Defendants' employees who did not receive regular and/or overtime pay for the work they performed.  Neither Plaintiffs nor the Class Members received the payment of wages after November 10, 2016 despite having performed substantial work for Defendants.  These employees include, but are not limited to, registered nurses (RNs), licensed vocational nurses (LVNs), medical technologists, staff nurses, and other hospital employees employed by Defendants during the three years preceding the filing of this action through entry of judgment in this case ("FLSA Class").

## TEXAS RULE 23 CLASS ACTION ALLEGATIONS

25.     Pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3) and 28 U.S.C. § 1367, Plaintiffs seek to prosecute their Texas state law claims for breach of contract, *quantum meruit* and unjust enrichment as a class action on behalf of all Weimer Medical Center employees who did not receive pay after November 10, 2016 for work performed (in weeks in which overtime was not worked) even though such employees performed compensable work. This Rule 23 Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and although the data required to calculate that number is within the sole control of Defendants, upon information and belief there are at least a hundred or more employees encompassed by the Rule 23 Class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

26.     Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class Members and have retained counsel experienced and competent in the field of contract, compensation, and class

action litigation. Plaintiffs have no interest that is contrary to or in conflict with the interests of the members of the Rule 23 Class.

27.     A class action is superior to individual adjudication of the claims at issue in this controversy, since the claims are substantially similar and since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the Rule 23 Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class to individually seek redress for the wrongs done to them. Management of this suit as a class action will serve judicial economy.

28.     Questions of law and fact common to the Rule 23 Class predominate over questions that may affect only individuals because Defendants have acted on grounds generally applicable to all class members. Among the common questions of law and fact common to Plaintiffs and other members of the Rule 23 Class are: (i) whether agreements existed pursuant to which Defendants agreed to pay an hourly wage to Plaintiffs and to member of the class for each hour in which they performed compensable work; (ii)  whether Defendants failed to pay Plaintiffs and members of the class for all hours worked notwithstanding the fact that Plaintiffs and class members performed compensable work; (iii)  whether Defendants engaged in a continuing policy, pattern or practice of failing to pay Plaintiffs and the class members for all hours worked; (iv) whether Defendants breached and continues to breach the employment agreements between themselves and class members; (v) whether Defendants are liable for damages claimed hereunder, including but not limited to unpaid work time, attorneys' fees and costs.

29.     Plaintiffs' claims are typical of the claims of the Rule 23 Class. Plaintiffs, like all other class members, were subjected to Defendants' policy and practice of not paying them for work

performed even when they performed compensable work.  Each class member has been damaged and is entitled to recovery by reason of Defendants' policies and practices. Class action treatment will allow class members to litigate their claims in a manner that is fair to all parties involved, free of fear of retaliation, and efficient for those parties and for the judicial system.

30.     The Rule 23 Class members are defined as: All non-exempt hourly employees of Weimer Medical Center who have not been paid since November 10, 2016 for work performed in non-overtime weeks as a result of Defendants' pay practice or policy.

## CAUSE OF ACTION NO. 1 – FLSA VIOLATIONS

31.     Plaintiffs incorporate the allegations in the preceding paragraphs.

32.     Defendants failed to pay Plaintiffs and the Class Members appropriate minimum and/or overtime wages required by the FLSA.

33.     Plaintiffs and the Class Members are entitled to recover minimum and/or regular rate wages for all hours worked up to forty (40) in a single workweek, overtime wages calculated at one and one half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

## CAUSE OF ACTION NO. 2 – TEXAS STATE LAW VIOLATIONS

34.     Plaintiffs and Class Members performed work for Defendants expecting to be paid for their work and in reliance upon Defendants' agreement to pay them compensation at the agreed upon hourly rate of pay.  Defendants accepted that work and benefitted from the same.  Accordingly, Plaintiffs and Class Members are entitled to recover the agreed upon value for their services pursuant to Texas common law for breach of contract, *quantum meruit*, promissory estoppel, and unjust enrichment, including but not limited to wages at the agreed upon rate for all hours worked up to forty

(40) in a single workweek, as well as their reasonable and necessary attorneys' fees, costs of this action, and pre- and post-judgment interest.

## JURY DEMAND

35.    Plaintiffs hereby demand a trial by jury.

## PRAYER

Plaintiffs respectfully requests that judgment be entered against, jointly and severally, awarding them and all similarly situated employees:

a.    Compensation for all hours worked at their regular rate of pay;

b.    Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and a half times their regular rate of pay;

c.    An equal amount as liquidated damages;

d.    Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e.    Such other and further relief as may be required by law.

Respectfully submitted,

By:    _/s/Robert R. Debes, Jr._
       Robert R. Debes, Jr.
       State Bar No. 05626150
       bdebes@eeoc.net
       SHELLIST | LAZARZ|SLOBIN LLP
       11 Greenway Plaza, Suite 1515
       Houston, Texas 77046
       Telephone: (713) 621-2277
       Facsimile: (713) 621-0993

       **ATTORNEY FOR PLAINTIFFS**